UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LUIS ALEJANDRO GARCIA-APALCEDO, Petitioner, v. JAIME RIOS, et al., Respondents. | Case No. 5:26-cv-04456-DTB **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**PROCEEDINGS**

On August 7, 2026, petitioner Luis Alejandro Garcia-Apalcedo ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition")(Docket No. 1), accompanied by one exhibit (Docket No. 1-1). The Petition alleges the following claims for habeas relief: (1) "Violation of Substantive Due Process;" (2) "Violation of Procedural Due Process;" (3) "Unlawful Detention in Excess of Statutory Authority;" and (4) "Entitlement to Immediate Release or, in the Alternative, a Prompt Individualized Custody Hearing." (Id. at 7-

10).[1] Petitioner seeks, among other things, Petitioner's immediate release from custody or in the alternative, a prompt, individualized and constitutionally adequate bond hearing at which the government bears the burden of justifying Petitioner's continued detention by clear and convincing evidence. (Id. at 10).

On August 14, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 4), Respondents filed an Answer to the Petition ("Answer") (Docket No. 8), accompanied by an exhibit (Docket No. 8-1).

On August 17, 2026, Petitioner filed a Reply to the Answer ("Reply"). (Docket No. 9).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court recommends that the Petition be denied.

## II.

## BACKGROUND

Petitioner is a native and citizen of Venezuela. (Petition at ¶ 18; see Docket No. 8 at 2). Petitioner last entered the United States on or about August 11, 2022, presenting himself to immigration authorities at the border. (Petition at ¶ 18). Since that time, Petitioner has resided in the United States while pursuing a pending application for asylum. (Id.). Petitioner is in a relationship with his partner, with whom he has a minor child. (Id. at ¶ 19). Petitioner's partner was also apprehended by Immigration and Customs Enforcement ("ICE") alongside Petitioner. (Id.).

Respondents allege that on July 19, 2026, Petitioner was arrested by the Los Angeles County Sheriff's Office for the offense of organized retail theft. (Docket No. 8 at 2).

Although Petitioner alleges that he was arrested by local authorities, he alleges that the arrest occurred on July 20, 2026, and that he was arrested on suspicion of

---

[1] For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

street vending. (Petition at ¶ 21). However, in the Reply, Petitioner has conceded that he was arrested on the charge of organized retail theft, Cal. Pen. Code § 490.4, as Respondents allege, and that the charge remains pending. (See Docket No. 9 at 2) ["Respondents' own exhibit confirms that this arrest has resulted in no conviction of any kind, the disposition of that charge remains 'Pending.'"], citing Docket No. 8-1 at 4).

Immediately upon his release from local custody, Petitioner was taken into custody by ICE. (Petition at ¶ 22). Petitioner has not received a bond hearing at any point during his detention, and no bond has been set or requested on his behalf to date. (Id. at ¶ 23). Petitioner's continued detention severely impairs his ability to support his minor child, and to communicate with counsel. (Id. at ¶ 24).

Petitioner is being detained at the Desert View Annex in Adelanto, California. (Id. at ¶¶ 8, 11; see https://locator.ice.gov/odls/#/results).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal

laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## IV.

## DISCUSSION

In the Answer, Respondents contend that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), as amended by the Laken Riley Act ("LRA") (Docket No. 8 at 2, 3), due to his pending criminal charge under Cal. Pen. Code § 490.4 for organized retail theft. (Docket No. 8 at 2-3; see Docket No. 8-1 at 4). In January 2025, Congress enacted the LRA, which expanded the categories of noncitizens who are subject to mandatory detention to include anyone who is inadmissible pursuant to certain provisions of 8 U.S.C. § 1182(a) and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" See Pub. L. No. 119-1, 139 Stat. 3 (2025) (amending 8 U.S.C. § 1226(c)(1)(E)).

Here, Respondents allege – and Petitioner does not dispute – that Petitioner is charged as inadmissible under 8 U.S.C. § 1182(a), for purposes of the LRA, and that he is also presently charged with the criminal offense of organized retail theft pursuant to Cal. Pen. Code § 490.4, which appears to satisfy the second requirements of Section 1226(c)(1)(E)(i)-(ii).

In the Reply, Petitioner argues that he is not subject to mandatory detention under 8 U.S.C. Section 1226(c) for purposes of the LRA because there has been no conviction on the pending charge of Cal. Pen. Code § 490.4, and that at the present time, "it is nothing more than an accusation." (Docket No. 9 at 2). While Petitioner may not yet have suffered a conviction on the pending charge of organized retail

theft, Section 1226(c) is not limited to convictions. As noted by Respondents, the statute mandates detention for any noncitizen who, *inter alia*, "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting or assault of a law enforcement officer offense . . . ." 8 U.S.C. § 1226(c)(1)(E)(i)-(ii).

Here, Petitioner's pending charge for organized retail theft under Cal. Pen. Code § 490.4 facially implicates the statutory language of Section 1226(c)(1)(E), as constituting the "essential elements" of theft, larceny and shoplifting (retail theft) (see Cal. Pen. Code § 490.4).[2] Moreover, there is no indication in the record that the

---

[2] Cal. Pen. Code § 490.4 states as follows:

(a) A person who commits any of the following acts is guilty of organized retail theft and shall be punished pursuant to subdivision (b):

(1) Acts in concert with one or more persons to steal merchandise from one or more merchant's premises or online marketplace with the intent to sell, exchange, or return the merchandise for value.

(2) Acts in concert with two or more persons to receive, purchase, or possess merchandise described in paragraph (1), knowing or believing it to have been stolen.

(3) Acts as an agent of another individual or group of individuals to steal merchandise from one or more merchant's premises or online marketplaces as part of an organized plan to commit theft.

(4) Recruits, coordinates, organizes, supervises, directs, manages, or finances another to undertake any of the acts described in paragraph (1) or (2) or any other statute defining theft of merchandise.

(b) Organized retail theft is punishable as follows:

(1) If violations of paragraph (1), (2), or (3) of subdivision (a) are committed on two or more separate occasions within a 12-month period, and if the aggregated value of the merchandise stolen, received, purchased, or possessed within that 12-month period exceeds nine hundred fifty dollars ($950), the offense is punishable by imprisonment in a county jail not exceeding one year or pursuant to subdivision (h) of Section 1170.

(2) Any other violation of paragraph (1), (2), or (3) of subdivision (a) that is not described in paragraph (1) of this subdivision is punishable by imprisonment in a county jail not exceeding one year.

(3) A violation of paragraph (4) of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year or pursuant to subdivision (h) of Section 1170.

(c) For the purpose of determining whether the defendant acted in concert with another person or persons in any proceeding, the trier of fact may consider any competent evidence, including, but not limited to, all of the following:

(1) The defendant has previously acted in concert with another person or persons in committing acts constituting theft, or any related offense, including any conduct that occurred in

charge for the offense pending against Petitioner has been dismissed or dropped, or that the charging authority has otherwise declined to proceed with the prosecution of the offense. Cf. Singh v. Woodford, Case No. 1:26-cv-01161-KES-EPG (HC), 2026 WL 972547, *2 (E.D. Cal. Apr. 10, 2026) (collecting cases which have found that the LRA ceased to apply when charges for a theft offense are dropped or dismissed).

Accordingly, Petitioner appears to be subject to the LRA because he is charged with being inadmissible under INA § 212(a)(6)(A)(i) and was arrested for a violation of Cal. Pen. Code § 490.4, organized retail theft, a charge which is alleged to remain pending, and which constitutes one (or more) of the enumerated crimes in Section 1226(c)(1)(E)(ii). Thus, the Court finds Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E) and is therefore not entitled to immediate release or a bond hearing at this time.

/ / /

/ / /

/ / /

/ / /

/ / /

---

counties other than the county of the current offense, if relevant to demonstrate a fact other than the defendant's disposition to commit the act.

(2) That the defendant used or possessed an artifice, instrument, container, device, or other article capable of facilitating the removal of merchandise from a retail establishment without paying the purchase price and use of the artifice, instrument, container, or device or other article is part of an organized plan to commit theft.

(3) The property involved in the offense is of a type or quantity that would not normally be purchased for personal use or consumption, and the property is intended for resale.

(d) In a prosecution under this section, the prosecutor shall not be required to charge any other coparticipant of the organized retail theft.

(e) Upon conviction of an offense under this section, the court shall consider ordering, as a condition of probation, that the defendant stay away from retail establishments with a reasonable nexus to the crime committed.

## V.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: August 28, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE